# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE DENISE RODGERS, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 1:16-cv-00544-BAM <br><br> **ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |

## **INTRODUCTION**

Plaintiff Darlene Denise Rodgers ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2] Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this action.
[2] The parties have consented to the jurisdiction of the United States Magistrate Judge for all proceedings in this case, including entry of final judgment. (Docs. 7, 8).

1

evidence in the record and is not based upon proper legal standards. Accordingly, the Court finds the ALJ's decision is REVERSED AND REMANDED for further proceedings consistent with this Order.

## **FACTS AND PRIOR PROCEEDINGS**

On December 12, 2012, Plaintiff filed her application for supplemental security income alleging disability beginning on September 13, 1992. AR 150-172.[3] Plaintiff's application was denied initially and on reconsideration. AR 82-87, 88-93. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 147-149. ALJ Christine Long held a hearing, and issued an order denying benefits on October 30, 2014. AR 12-20. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied on January 14, 2016, making the ALJ's decision the Commissioner's final decision. AR 1-7. This appeal followed.

### **Hearing Testimony**

The ALJ held a video hearing on August 19, 2014, from Orange, California. AR 25-47. Plaintiff appeared in Palmdale, California and was represented by a non-attorney representative, Diana Wade. AR 27. Impartial Vocational Expert David Rinehart also appeared and testified. AR 27, 43-46.

At the time of the hearing, Plaintiff was twenty-one (21) years old. AR 30. In response to background questions from the ALJ, Plaintiff testified that she does not have a driver's license and relies on her grandmother for transportation. AR 30. Plaintiff has an eleventh grade education. AR 30. Plaintiff testified that she could barely write, and she has learned to read in the past two to three years prior to the hearing. AR 31. Plaintiff has worked for an organization named Desert Area Resources and Training ("DART") as a shoe cleaner, but she stated she was fired for reasons unknown to her. AR 32. Plaintiff's representative, Ms. Wade, explained that DART is an organization "like Goodwill where mentally challenged people can work and receive compensation based on their productivity." AR 33.

When asked questions by her representative, Plaintiff testified that she experienced a great deal of bullying in high school that led her to cut herself and eventually change schools. AR 34. Plaintiff

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

testified that this bullying was on the reasons why she was unable to graduate high school. AR 34. Plaintiff also stated that she had trouble reading and writing and that her disability application and related forms were all read to her and filled out through the help of others. AR 35. In regards to her previous work, Plaintiff testified that her only work experience was the shoe cleaning job she had with DART. AR 36. While working at DART, Plaintiff testified that she had a job coach who would supervise her and tell her when to take breaks. AR 36. Furthermore, this coach would help with her scheduling, and he would fill out all of her timesheets. AR 36.

When asked about her impairments, Plaintiff testified that she suffers from knee pain, severe depression and anxiety, as well as several other mental disabilities. AR 36. To treat her mental illness Plaintiff testified that she has seen a psychiatrist, every six weeks, for over a year. AR 37. During these visits Plaintiff talks about her problems and she receives refills for her medication. AR 37. Plaintiff further testified that she suffers from depression, and that at times she has thoughts of killing herself but she does not discuss such difficult emotions with her doctor. AR 37-38. To treat her depression, Plaintiff first began taking Lexapro, but shortly before the hearing she switched to Prozac. AR 37. According to Plaintiff, this medication somewhat helps manage her depression. AR 37.

On a typical day, Plaintiff testified that she gets out of bed and sits on the couch. AR 38. On the days where her depression prevents her from getting out of bed, Plaintiff waits until she is hungry and then she prepares a microwave meal. AR 38. Plaintiff testified that she is able to perform simple chores such as washing her clothes, feeding her cats, and cleaning out her cats' litterbox. AR 39. However, Plaintiff stated she will occasionally forget to clean the litterbox, or put her laundry in the dryer after she has washed it. AR 39-40. Plaintiff testified that she likes to draw, listen to music, and use her kindle to look up pictures and music. AR 41, 43. Plaintiff never goes grocery shopping without her grandmother, and she has never bought groceries on her own. AR 40. Plaintiff also stated that she cannot read an analog clock, and that she struggles to read a digital clock. AR 42.

Following Plaintiff's testimony, the ALJ elicited testimony from the vocational expert ("VE") David A. Rinehart who, based on the limitations adopted by the ALJ, stated Plaintiff could perform work as it exists in the national economy. AR 43-46.

///

**Medical Record**

The entire medical record was reviewed by the Court. AR 336-587. The relevant medical evidence is referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled. AR 9-24. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application. AR 14. Further, the ALJ identified borderline intellectual function; major depressive disorder, single episode, moderate; and bilateral chondromalacia of the patella as severe impairments. AR 14. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416. 926). AR 14-16.

Based on her review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry twenty (20) pounds occasionally and ten (10) pounds frequently; has unlimited sitting ability and can stand and/or walk for six hours per eight-hour workday, with the opportunity to alternate sitting and standing briefly every two hours; can occasionally operate foot controls with both lower extremities; occasionally stoop, kneel, crouch, crawl, climb stairs or ramps; and can never climb ladders, ropes or scaffolds. The ALJ also determined that the Plaintiff can understand and remember simple routine tasks, carry out short simple instructions, and make judgments and decisions consistent with simple routine duties. However, Plaintiff cannot perform work with high production quotas or rapid assembly line work. Furthermore, Plaintiff can have occasional contact with coworkers and minimal contact with the public. AR 16-18.

The ALJ found that while Plaintiff had no past relevant work experience, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 19-20. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 20.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this

Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION[4]**

Plaintiff argues that the ALJ erred in (1) failing to conclude that she met the step-three listing for intellectual disability; and (2) failing to properly consider Dr. Hawkins' examining opinion.

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

### 1. The ALJ's Determination That Plaintiff Does Not Meet Or Equal Listing 12.05(C) Is Not Supported By Substantial Evidence

Plaintiff first argues that the ALJ's finding that her borderline intellectual disability did not meet the requirements of Listing 12.05(C) at step three of the sequential evaluation is not supported by substantial evidence. (Doc. 14 at 9-12). According to Plaintiff, this Court should reverse the ALJ's decision because the evidence in the record demonstrates that she met Listing § 12.05(C) based on her IQ scores assessed in the Eighth grade and her additional impairments. Defendant responds that, even though the ALJ never expressly addressed the validity of Plaintiff's plausibly qualifying IQ score, that score is invalid. (Doc. 15 at 5). Defendant contends that due to Plaintiff's behavior during her eighth grade IQ assessment it was advised that the results "should be considered as demonstrating minimum of [Plaintiff's] ability." AR 578. Moreover, Defendant argues that according to The Program Operations Manual System (POMS), her score received at the age of thirteen "is less reliable and valid than test results obtained at older ages." POMS DI 24515.056(A).

Although the Court cannot conclude on this record that Plaintiff met Listing § 12.05(C), as explained below, the Court finds that reversal is required because the ALJ's conclusion that Plaintiff did not "meet . . . any medical listing" is not supported by substantial evidence.

#### A. Legal Standard

At step three, the ALJ considers the medical severity of the claimant's impairments, and must determine whether those impairments meet or equal one of the listed impairments. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant has an impairment(s) that meets or equals one of the listings, and also meets the duration requirement, then the claimant will be found disabled. *Id.* The burden of proof is on the Plaintiff to establish that her impairments meet or equal a listing. *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999).

Although a claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment, an ALJ's decision must still adequately discuss and evaluate the evidence before concluding that a claimant's impairments fail to meet or equal a listing. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). Remand is appropriate

where an ALJ fails adequately to consider a listing that plausibly applies to a Plaintiff's case. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).

To be considered presumptively disabled under Listing 12.05(C) for intellectual disability, a claimant must present evidence of (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning" that manifested before the age of 22; (2) a "valid verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C); *see Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013).

Where objective psychological testing produces more than one IQ score (*e.g.*, "the Wechsler series"), the lowest score is used in conjunction with Listing 12.05. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(c); *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1053 (C.D. Cal. 2010) (collecting cases). An ALJ may reject an IQ score as invalid where substantial evidence supports doing so (*e.g.,* the record contains external evidence of "improper testing conditions or a claimant's participation in activities inconsistent with the IQ score"); *Jones v. Colvin*, 149 F. Supp. 3d 1251, 1258 (D. Or. 2016) (*citing Thresher v. Astrue*, 283 Fed.Appx. 473, 475 & n.6 (9th Cir. 2008)).

An impairment is deemed to impose 'an additional and significant work-related limitation of function" for purposes of Listing 12.05(C), at a minimum, if it is found "severe" at step two. *See Fanning v. Bowen*, 827 F.2d 631, 633 n.3 (9th Cir. 1987) (citations omitted); *Gomez*, 695 F. Supp. 2d at 1062 (*citing, in part, id.*); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(A) (under Listing 12.05(C), additional impairment "significantly limits [] physical or mental ability to do basic work activities" if it is a "severe" impairment as defined in 20 C.F.R. §§ 404.1520(c) and 416.920(c)).

### B.    ALJ's Decision

The ALJ found that Plaintiff did not meet Listing 12.05(C), because Plaintiff does not have a valid "full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function." AR 15-16. Furthermore, the ALJ found that "the [Plaintiff's] additional impairments do not preclude the performance of work at the [Plaintiff's] level of intellectual functioning. AR 16. The ALJ's decision is as follows:

7

> Turning back to listing 12.05, the requirements in paragraph A are met when there is mental incapacity evidence by dependence upon others for personal needs (*e.g.*, toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded. In this case, these requirements are not met because the evidence of record does not reflect mental incapacity evidence by dependence upon others for personal needs or inability to follow directions. The claimant has reported in engaging in daily activities including self-care, pet care, housework, yardwork, and leisure activities including reading and use of a computer for email [Exhibit 7E, AR 237-245]. As for the "paragraph B" criteria, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 59 or less. The claimant's IQ scores during the period under consideration have been assessed at 70 and 75. [Exhibit 1F, 3F, AR 336-342, 363-368]. Finally the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and physical or other mental impairment imposing an additional and significant work-related limitation of function. As discussed in detail below, the claimant's additional impairments do not preclude the performance of work at the claimant's level of intellectual functioning.

AR 15-16.

### C. Analysis

A remand is appropriate here because the ALJ failed adequately to evaluate whether Plaintiff had an impairment which met or medically equaled Listing 12.05(C) for two reasons. First, as Plaintiff argues, the ALJ erred in finding that she failed to establish a valid IQ score of 60 through 70. (Doc. 14 at 11). Plaintiff has advanced evidence, which the ALJ did not expressly refute, that in Eighth Grade, she was assessed with a full scale IQ of 68 on the Wechsler Intelligence Scale for Children–Fourth Edition (WISC-4). AR 17, 578-588. In the ALJ's order, she acknowledged this lower score by stating that "the claimant underwent a psychological evaluation by Dr. Hawkins on May 17, 2011. Dr. Hawkins reviewed the claimant's historical school records, noting a 2006 full scale IQ score of 68 (which at the time the claimant was in eighth grade)." AR 17. The ALJ provides no other commentary on Plaintiff's qualifying IQ score

An ALJ may determine that a plaintiff's IQ score is invalid or undermined by other evidence in the record. *See Gomez v. Astrue*, 695 F.Supp.2d 1049, 1057 (C.D.Cal.2010); *Thresher v. Astrue*, 283 F. App'x 473, 475 & n. 6 (9th Cir.2008) ("We do not doubt that an ALJ can decide that an IQ score is invalid."); *see also Muncy v. Apfel*, 247 F.3d 728, 733 (8th Cir.2001) ("An ALJ may disregard a claimant's IQ score when it is derived from a one-time examination by a nontreating psychologist,

particularly if the score is inconsistent with the claimant's daily activities and behavior."); *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (holding that a valid IQ is not conclusive when the score is inconsistent with other evidence in the record and claimant's daily activities); *Williams v. Sullivan*, 970 F.2d 1178, 1185 (3d Cir.1992) (finding IQ score alone insufficient where, inter alia, claimant "maintain[ed] a job for most of his adult life"). However, "an ALJ should not find that 'other evidence' renders an IQ invalid without explaining how that evidence impacts the validity of the score." *Gomez*, 695 F.Supp.2d at 1057 (discussing Ninth Circuit's decision in *Thresher*).

Here, the ALJ acknowledged that Dr. Hawkins performed a psychological evaluation of Plaintiff and noted that her "historical school records" demonstrated a 2006 full scale IQ score of 68. AR 17. However, it is not clear whether the ALJ found that this full scale IQ score, which was within the 60–70 range, was invalid. If she did, she failed to state what evidence, if any, supports her decision. Nor did the ALJ weigh Dr. Hawkins' examining opinion or otherwise address the reliability of Plaintiff's prior IQ testing. Because the ALJ articulated no rationale for finding that Plaintiff does not have a valid verbal or full scale IQ of 60 through 70—despite some evidence that Plaintiff does have a qualifying score—the ALJ's determination that Plaintiff does not meet the first criterion for Listing 12.05(C) is not properly supported. *See Gomez*, 695 F.Supp.2d at 1057; *see also See Strickland v. Colvin*, 2015 WL 1728354, at *4 (C.D. Cal. Apr 15, 2015) (remanding where it was unclear whether ALJ rejected full-scale IQ score). Accordingly, while the ALJ was permitted to find an IQ score invalid for the reasons stated by Defendant, the ALJ must do so explicitly by stating her reasons on the record. *Id.*

Second, the ALJ erred in finding that Plaintiff did not have a physical or other mental impairment imposing an additional and significant work-related limitation under 12.05(C). AR 15-16. This finding is erroneous as a matter of law. A finding of a severe impairment at step-two of an ALJ's sequential analysis is a *per se* finding of a physical or mental impairment imposing an additional and significant work-related limitation under 12.05(C). *Id.* at *4-5; *Rasmussen v. Berryhill*, 2017 WL 416130, at *4 (E.D. Cal. Jan. 30, 2017) (noting that finding of severe impairments at step two satisfies listing 12.05C requirement of work-related limitation of function).

///

As Plaintiff argues, at step-two of the sequential analysis the ALJ found that Plaintiff's impairments of borderline intellectual functioning; major depressive disorder, single episode, moderate; and bilateral chondromalacia of the patella all constitute "severe" impairments under 20 C.F.R. § 416.920(c). Plaintiff therefore has met her burden to establish Listing 12.05(C)'s requirement of a physical or other mental impairment beyond her intellectual functioning imposing an additional and significant work-related limitation. Therefore, the ALJ erred to the extent that she determined that Plaintiff does not have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." AR 16.

Finally, the Court cannot find the ALJ's above errors to be harmless. Specifically, if—as the evidence plausibly suggests—Plaintiff's borderline intellectual functioning met Listing 12.05(C) and met the 12 month duration requirement, the ALJ would have been required to find Plaintiff disabled at step three without proceeding any further with the sequential evaluation process. Accordingly, the case must be remanded for further consideration and clarification of Plaintiff's mental impairments at step three.

### D. Remand is Required

The Court has considered Plaintiff's request to award benefits based on an argument that she meets Listing 12.05(C). However, the Court finds remand more appropriate. The circumstances of this case indicate that there are outstanding issues at step three that must be resolved before a final determination can be made. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) ( "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated."). The Ninth Circuit has held that when "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (remanding "for proper consideration of step three equivalence"). Here, further administrative review may remedy the ALJ's step three analysis and thus remand is appropriate.

///

///

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, the decision is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings. On remand, the ALJ will address the deficiencies identified by the Court. If necessary, the Commissioner may hold further hearings and receive additional evidence. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Plaintiff Darlene Denise Rodgers, and against Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **September 12, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE