UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE DENISE RODGERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:16-cv-00544-BAM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES**<br><br>(Doc. No. 21) |

Currently before the Court is the motion for attorney fees filed by Petitioner Cyrus Safa ("Counsel"), attorney for Darlene Denise Rodgers ("Plaintiff"), on December 11, 2020.[1] (Doc. No. 21). Counsel requests fees in the amount of $9,000.00 pursuant to 42 U.S.C. § 1383(d)(2)(B), incorporating 42 U.S.C. § 406(b).  (*Id.* at 4 and n. 2.)  Plaintiff has not objected to the request.  On December 15, 2020, the Commissioner of Social Security ("Commissioner") filed a statement of non-opposition to fee request under § 406(b).  (Doc. No. 22).

**I.	Relevant Background**

Plaintiff filed this action challenging the denial of social security benefits on April 16, 2016.  (Doc. No. 1.)  On September 12, 2017, the Court issued an order reversing the

---

[1] This action proceeds before the Honorable Barbara A. McAuliffe for all purposes, including entry of final judgment. *See* 28 U.S.C. § 636(c).  (Doc. No. 23.)

1  Commissioner's denial of benefits and remanding the action for further proceedings.  (Doc. No.
2  19.)  Judgment was entered in Plaintiff's favor.  (Doc. No. 20.)  On November 17, 2017, the
3  Court approved the parties' stipulation to award Plaintiff attorney fees of $ 3,400.08 pursuant to
4  the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 20.)

5  On remand, the Commissioner found Plaintiff had been under a disability since May 5,
6  2011, her alleged onset date.  (Doc. No. 21-2.) Past benefits were awarded in the amount of
7  $62,169.64; 25% of that amount is $15,542.41.  (Doc. No. 21-3.)  Counsel previously received
8  payment of $ 3,400.00 in EAJA fees.  (Doc. Nos. 20; 21 at 3 ("the EAJA fee previously awarded
9  and received in the amount of $3,400.00"); 22 at 2 ("Plaintiff's attorney received $3,400 under
10  the Equal Access to Justice Act (EAJA) . . .").)

11  In the present motion, Counsel seeks attorney's fees in the amount of $9,000.00.[2] (Doc.
12  No. 21.)  Plaintiff's counsel contends this fee is reasonable in light of the services expended and
13  results achieved. (*Id.* at 5.) The Commissioner filed a statement indicating no objection to the fee
14  request.  (Doc. No. 22.)

15  **II.    Legal Standard**

16  An attorney may seek an award of fees for representation of a Social Security claimant
17  who is awarded benefits:

18  Whenever a court renders a judgment favorable to a claimant . . . who was
    represented before the court by an attorney, the court may determine and allow as
19  part of its judgment a reasonable fee for such representation, not in excess of 25
    percent of the total of the past-due benefits to which the claimant is entitled by
20  reason of such judgment. . ..

21  42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section
22  406(b) controls fees awarded for representation of Social Security claimants in court). A
23  contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent
24  of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807.  "[A]n award of section 406(b) fees is
25  offset by an award of attorney fees granted under the EAJA." *Jones v. Comm'r of Soc. Sec.,* No.
26  1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S.

27  ──────────────────
   [2]  Counsel's motion seeks an order paying the fee of $9,000.00 less the $3,400.00 for EAJA fees
28  previously paid by the Commissioner for a net fee award of $5,600.00. (Doc. No. 21 at 1.)

at 796.).

**III.     Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of the motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of 25% of the retroactive benefits.  (Doc. No. 21-1.)  Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 18.7 hours while representing Plaintiff before the District Court. (Doc. Nos. 21 at 3; 21-4.) The requested fee amount represents approximately 14.4% of past-due benefits and is within the applicable maximum. As a result of counsel's work, the matter was remanded for further proceedings and the Commissioner awarded Plaintiff benefits.

 Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. No. 21 at 10.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner did not object to the amount of fees requested by Plaintiff's counsel. (Doc. No. 22.)

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees

sought by counsel are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. § 406(b).

### IV.  Conclusion and Order

Based upon the foregoing, the Court ORDERS:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. No. 21) is GRANTED;

2. Plaintiff's counsel is awarded $9,000.00 in attorney fees pursuant to 42 U.S.C. § 406(b); and

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $3,400.00 as an offset for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:  **January 28, 2021**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

4